J-S12022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :            PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| CURTIS D. GREEN | : |
| | : |
| Appellant | :   No. 2269 EDA 2025 |
| | : |

Appeal from the Judgment of Sentence Entered July 22, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003004-2022

BEFORE: McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:               **FILED JULY 6, 2026**

Curtis Green ("Green") appeals from the judgment of sentence imposed following his open guilty plea to corrupt organizations, four counts of selling firearms to ineligible person, one count of conspiracy, one count of dealing in unlawful proceeds, and one count of persons not to possess firearms.[1] After careful review, we determine Green's challenge to his guilty plea is both waived and meritless. We therefore affirm.

The facts to which Green pled guilty established the following. On September 1, 2021, Nicole Duvall ("Green's girlfriend") bought two handguns at a gun store. *See* N.T., 3/8/23, at 11. Although she indicated on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 911(b)(2), 6111(g)(2), 903(a), 5111(a)(1), 6105(a)(2).

application/record of sale she was buying the guns for herself, she was actually purchasing them for Green. *See id*.

Later that month, Green took his girlfriend to a gun store and directed her to buy a nine-millimeter firearm and a .22-caliber firearm. Green's girlfriend again completed a form falsely claiming she was buying firearms for herself when she was in fact buying them for Green and the criminal organization he formed with his brother and at least one other person. *See id*.

Two weeks later, Green's girlfriend bought two more handguns and again falsely completed forms declaring she bought them for herself, rather than for Green. *See id*. at 12. On September 30, 2021, Norristown police arrested Green and found him in possession of one of the guns he directed his girlfriend to buy. *See id*. Green admitted that he had a prior conviction that disqualified him from possessing a firearm. *See id*.

In March 2023, Green entered an open guilty plea to the above listed charges.[2] Green's attorney, George M. Griffith, Jr., Esquire ("Attorney Griffith"), conducted the first part of Green's oral colloquy. Green testified he can read, write, and understand English, was not under the influence of drugs or alcohol, and his then-current mental health treatment did not affect his ability to understand his plea. *See id*. at 4-5. Green also testified he understood the charges to which he was pleading guilty and confirmed he and

_____

[2] At the plea hearing, the Commonwealth introduced into evidence the affidavit of probable cause for Green's arrest. *See* N.T., 3/8/23, at 12.

Attorney Griffith had discussed the charges for several prior months and again immediately before the plea hearing. Green stated he understood all of the charged offenses and the maximum sentences he could receive. *See id*. at 6-7.

Attorney Griffith informed the court he and Green had discussed the case "ad nauseam" for "the better part of a year." *See id*. at 7. Green confirmed Attorney Griffith had answered all his questions concerning the plea. *See id*. at 7-8. Green also testified he reviewed a written guilty plea colloquy with Attorney Griffith immediately prior to the hearing, which he signed and dated. *See id*. at 8. Green then testified he understood he was giving up the right to a jury trial in favor of an open guilty plea. *See id*. at 8-9. Green also stated he had no questions for the judge, the Commonwealth, or his counsel. *See id*. at 10.

Following the Commonwealth's recitation of the charges, the trial court explained to Green that the decision to plead guilty was his to make, not counsel's, and assured itself Green's plea was not the result of force or promises. *See id*. at 14-15.[3] The court found Green knowingly, intelligently, and voluntarily waived his right to a trial and pleaded guilty. *See id*. at 19-20.

---

[3] The court also told Green there was no agreement as to sentence and that it had total discretion in sentencing. *See* N.T., 3/8/23, at 14-15. Green stated that he understood. *See id*.

- 3 -

Green failed to appear for sentencing; he was later arrested on a bench warrant. At the sentencing hearing in July, a certified recovery specialist and re-entry coach testified on Green's behalf. Prior to imposing sentence, the court explained to Green that by pleading guilty, he waived all appellate rights except challenges to the court's jurisdiction, the legality of the sentence, and the knowing, intelligent, and voluntary nature of the plea. *See* N.T., 7/22/25, at 32-35. The court then imposed an aggregate sentence of seven and one-half to seventeen years of imprisonment. *See id*. at 47-51.

Green filed a timely post-sentence motion seeking reconsideration of sentence. The motion sought a reduction of the sentence but did not challenge the validity of Green's guilty plea. *See* Green's Post-Sentence Motion, 7/24/25, at 3-4. The trial court denied Green's post-sentence motion.

Green filed a timely notice of appeal. Ordered to identify his issues on appeal, Green filed a concise statement of errors complained of on appeal pursuant to PA.R.A.P. 1925(b). In his Rule 1925(b) statement, Green asserted for the first time that his guilty plea was not knowing and voluntary because the oral colloquy failed to inform him of all of the rights he waived by pleading guilty.

On appeal, Green raises one question:

Did the [trial] court err in accepting [Green's] guilty plea since the plea was not knowing[ly] and voluntarily entered because [Green's] oral guilty plea colloquy failed to explain [Green's] right to a jury trial, including: (1) the fact that the jury would be composed of a jury of his peers, (2) that [Green] would have the right to participate in jury selection, (3) that a jury's verdict would

- 4 -

need to be unanimous, and (4) that [Green] would be presumed innocent unless the Commonwealth established the elements of each crime beyond a reasonable doubt; and the colloquy, likewise, failed to explain the right to confront and cross-examine witnesses?

*See* Green's Brief at 3.

Before addressing the merits of Green's issue, we must first determine whether he preserved his challenge to the validity of his guilty plea. Pennsylvania Rule of Criminal Procedure 720 permits defendants to file post-sentence motions "challenging the validity of a plea of guilty." Pa.R.Crim.P. 720(B)(1)(a)(i). The motion "shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720 (A)(1).

To preserve an issue related to a guilty plea on direct appeal, "an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (internal citation, quotation marks and brackets omitted). Similarly, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609—10 (Pa. Super. 2013). Further, raising an issue for the first time in a Rule 1925(b) statement does not preserve it for appellate review. *See Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003); *Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa. Super. 2002).

Here, Green did not object during the guilty plea colloquy and did not challenge the validity of his plea at sentencing. Although Green filed a timely post-sentence motion, that motion sought only reconsideration of the sentence; it did not seek withdrawal of the guilty plea or otherwise challenge the validity of the plea. *See* Post-Sentence Motion to Reconsider Sentence, 7/24/25, at 3-4. Green did not assert a claim asserting the alleged deficiency of his plea colloquy until his Rule 1925(b) statement. *See* Green's Concise Statement, 9/12/25. Under these circumstances, Green has not preserved a challenge to the validity of his guilty plea, and his challenge to his guilty plea is waived. *See Monjaras-Amaya*, 163 A.3d at 468-69; *Lincoln*, 72 A.3d at 609-10; *Watson*, 835 A.2d at 791.

Even if Green had preserved this claim, he would not be entitled to relief. To be valid, a guilty plea must be knowing, voluntary, and intelligent. *See Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023). The law presumes that a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018). Additionally, a defendant is:

> bound by the statements which he makes during his plea colloquy. Therefore, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty, and he may not recant the representations he made in court when he entered his guilty plea. Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently.

*Id*. at 506 (internal citations and quotations omitted). To ensure a knowing, voluntary, and intelligent plea, courts accepting guilty pleas are required to delve into six areas: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the sentencing ranges; and (6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citation omitted). *See also Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022); Pa.R.Crim.P. 590, cmt. This Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *See Commonwealth v. Kelly*, 136 A.3d 1007, 1013 (Pa. Super. 2016); *Commonwealth v. Knight*, 618 A.2d 442, 445 (Pa. Super. 1992). Thus, the omission of specific language from an oral colloquy does not automatically invalidate a plea where the record as a whole demonstrates the defendant understood the rights he waived by pleading guilty. *See Mallory*, 941 A.2d at 696-97; *Knight*, 618 A.2d at 445.

In examining whether a defendant has been adequately apprised of the right to a jury trial, our Supreme Court has explained that "a waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right.'" *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008). Rather than focusing on the precise words used during the colloquy, courts examine whether the defendant understood the "essential ingredients, basic to the concept of a jury trial," namely, "the jury must be chosen from members of

- 7 -

the community (*i.e.* a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id*. at 696-697.

Here, the record as a whole refutes Green's claim that his plea was unknowing or involuntary. Although the oral colloquy did not separately recite each jury-trial component Green now identifies, the written guilty plea colloquy did. In the written colloquy, Green acknowledged that he understood: the right to a jury trial; that the jury would be selected from members of the community; that he had the right to participate in jury selection; that the jury's verdict would have to be unanimous; and that he was presumed innocent unless the Commonwealth proved his guilt beyond a reasonable doubt. **See** Written Guilty Plea, 3/8/23, at 3. Green reviewed the written colloquy with counsel immediately before the plea hearing, signed and dated it, and confirmed under oath that he has reviewed it with counsel. **See** N.T., 3/8/23, at 8. Therefore, while the oral guilty plea could have been more comprehensive, Green's plea is not invalid merely because the oral examination did not repeat every advisement contained in the written colloquy. **See Kelly**, 136 A.3d at 1013; **Lincoln**, 72 A.3d at 610.

Green's own sworn statements further defeat his claim. At the plea hearing, Green confirmed that he could read, write, and understand English; that he was not under the influence of drugs or alcohol; that his mental health treatment did not affect his ability to understand the plea; that he understood the charges and maximum sentences; that counsel had answered all of his

questions; that he reviewed and signed the written colloquy; and that no one forced or promised him anything to induce the plea. *See* N.T., 3/8/23/ at 4-10, 14-15. Green is bound by his sworn representations and may not now obtain relief by contradicting them. *See Jabbie*, 200 A.3d at 506.

Green's claim regarding the right to confront and cross-examine witnesses does not alter our conclusion. Green was represented by counsel, reviewed the written colloquy with counsel, confirmed that counsel answered all of his questions, admitted the factual basis for the plea, and repeatedly stated that he understood the plea proceedings. Moreover, Green has not cited any contrary authority. Under the totality of the circumstances, Green has not shown that any alleged omission in the oral colloquy rendered his plea unknowing, unintelligent, or involuntary. *See Kelly*, 136 A.3d at 1013; *Knight*, 618 A.2d at 445.

Green's reliance on cases concerning defective colloquies does not compel relief. This case is unlike *Commonwealth v. Clyburn*, 42 A.3d 296 (Pa. Super. 2012), which involved waiver of counsel and not a guilty plea. Green did not proceed without counsel. Green reviewed the written colloquy with counsel shortly before entering his plea and confirmed counsel had answered all of his questions.

Moreover, our review of the record also demonstrates that the trial court reiterated Green's remaining appellate rights at sentencing. The trial court expressly explained that, after the guilty plea, Green retained the right to challenge whether the plea was knowing, intelligent, and voluntary; whether

the court had jurisdiction; and whether the court imposed a legal sentence. *See* Sentencing, 7/22/25, at 32-34. Despite being advised of these rights, Green's post-sentence motion challenged only the sentence and did not seek withdrawal of the plea. Thus, even after the trial court specifically identified the very category of claim Green now raises, Green did not preserve it.

Finally, the record does not demonstrate "manifest injustice." *Lincoln*, 72 A.3d at 610. After sentencing, a guilty plea may be withdrawn only to correct manifest injustice, which occurs where the plea was not tendered knowingly, intelligently and voluntarily. *See id*. There is no evidence of manifest injustice here. Green was represented by counsel, reviewed and executed a written colloquy, gave responsive answers under oath, admitted the factual basis for the plea, confirmed that he understood he was waiving his right to trial, and acknowledged that no one forced or threatened him to plead guilty. The record therefore shows that Green entered his open guilty plea knowingly, intelligently, and voluntarily. Accordingly, Green's challenge to his guilty plea is waived and, in any event, meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/6/2026

- 10 -